MICHAEL M. CRAIN
California State Bar No. 045083
P.O. Box 3730
Santa Monica, California 90408
Tel:  (310) 571-3324
Fax:  (310) 494-0750
Email: michaelmcrain@aol.com

Attorney for Defendant Jesse Contreras

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>              Plaintiff,</br></br>    v.</br></br>LUIS ALFREDO DE LA ROSA, et al.,</br></br>JESSE CONTRERAS</br></br>              Defendant (#3)</br>_____ | Case No. CR 22-020-PA-3</br></br>DEFENDANT JESSE CONTRERAS'S SENTENCING POSITION</br></br>Date: September 25, 2023</br>Time: 8:30 a.m.</br>Courtroom: 9A |

TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

List of Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Defendant Jesse Contreras's Sentencing Position . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     I.     Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     II.    Jesse Contreras's Life History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     III.   Letters of Support for Jesse Contreras. . . . . . . . . . . . . . . . . . . . . . . . . 5

     IV.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     V.    Recommendations to the Bureau of Prisons . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

Federal Codes and Statues

    18 U.S.C. § 3624(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    18 U.S.C. § 3621(b)(4)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    18 U.S.C. § 3621(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

LIST OF EXHIBITS

Exhibit A:   Letter of support from Irma Payan, Mr. Contreras's mother

Exhibit B:   Letter of support from Marisol Torres, Mr. Contreras's sister

Exhibit C:   Letter of support from Maira Contreras, Mr. Contreras's sister

Exhibit D:   Letter of support from Roxanne Campos, Mr. Contreras's former girlfriend and current friend

MICHAEL M. CRAIN
California State Bar No. 045083
P.O. Box 3730
Santa Monica, California 90408
Tel:   (310) 571-3324
Fax:   (310) 494-0750
Email: michaelmcrain@aol.com

Attorney for Defendant Jesse Contreras

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LUIS ALFREDO DE LA ROSA, et al.,<br><br>　　JESSE CONTRERAS<br><br>　　　　　Defendant (#3)<br>_____ | Case No. CR 22-020-PA-3<br><br>DEFENDANT JESSE CONTRERAS'S SENTENCING POSITION<br><br>Date: September 25, 2023<br>Time: 8:30 a.m.<br>Courtroom: 9A |

Defendant Jesse Contreras, by his counsel Michael M. Crain, hereby submits his sentencing position.

Dated: September 4, 2023　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ Michael M. Crain

　　　　　　　　　　　　　　　　　MICHAEL M. CRAIN, Attorney
　　　　　　　　　　　　　　　　　for defendant Jesse Contreras

1

# I.

## Introduction

On July 13, 2023, pursuant to a plea agreement (Dkt. 298), Jesse Contreras pleaded guilty to a First Superseding Information which charged him with a violation of 18 U.S.C.§ 1962(d) (RICO conspiracy). The plea agreement was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)( C). (Plea Agreement, ¶ 3). The agreed upon sentence is 420 months imprisonment. (Plea Agreement, ¶ 17). The factual basis of the admitted to violation of § 1962(d) is set forth in ¶ 16 of the plea agreement.

# II.

## Jesse Contreras's Life History

The Presentence Report ("PSR") (¶¶ 75-106) describes the difficult life which Jesse Contreras has experienced.

Mr. Contreras was born on October 30, 1987 to Robert Contreras and Irma Payan, who never married. He has two half-siblings, Gabriel Payan and Marisol Torres, and two full siblings, Mayra Contreras and Robert Contreras, Jr.

Growing up was difficult for Mr. Contreras. He always lived in gang-infested neighborhoods in the Los Angeles area. His father was addicted to alcohol and crack cocaine, did not contribute to the family financially, and was in and out of prison for drug offenses.

The young Jesse witnessed his father physically abuse his mother when Robert Sr. was drunk or under the influence of crack. On one occasion he witnessed his father being arrested in front of him. Finally, when Jesse was 9 years of age, his father was deported to Mexico, where he now resides.

Because his father did not help the family financially, his mother had to work two jobs, days and nights, and as a result was rarely home as Jesse was growing up. His half-sister Marisol, who was only four years older than Jesse, helped take care of the family by preparing meals and getting her siblings ready for school. Jesse attended a number of different schools, including those to which he was bussed to in the distant San Fernando Valley. As a boy, Jesse enjoyed video games, skateboarding and playing with his dog. But academically, he had difficulty reading and writing and was placed in Special Education classes.

Growing up, Jesse looked up to his older brothers, with whom he was extremely close. He wanted to follow in their footsteps. Unfortunately, Jesse's older brothers did not set admirable examples for their little brother, but instead joined the gangs which controlled their neighborhood. Gabriel began getting arrested at a young age and eventually was incarcerated for attempted murder. Robert Jr. did try to steer Jesse away from gangs, but he was incarcerated when Jesse was about 14 years of age. Jesse's father was deported and his brothers were incarcerated, and as a result Jesse had no father figure during his teenage years. His mother was working two jobs day and night and his older sister Marisol was now a mother with little time for Jesse. He felt that he was on his own. As do so many young men who lack family support, when he was about 15 years of age, Jesse found security and a sense of brotherhood in the streets and with unwholesome companions. He dropped out of high school a year later (although he later earned his high school diploma at a continuation school). Peer pressure led him to using drugs, which increased in time to daily use of drugs, including cocaine, methamphetamine and alcohol.

Mr. Contreras has suffered a number of debilitating ailments and injuries. From birth to about age six he experienced seizures and breathing difficulties and was hospitalized for months at a time. Between the ages of five and seven he suffered from severe eczema, which covered his neck, arms and legs, as well as untreated ringworm. As a child his hand was broken when it was slammed in a car door. When

he was 16, he was shot in the hip during a drive-by shooting, which has left him with permanent painful nerve damage in his left leg. In 2020, he was hit by a car which resulted in torn tendons and ligaments. In 2021 he was struck with a crowbar, resulting in a broken cheek bone and lasting vision problems.

In 2005, when Mr. Contreras was 18, his brother Robert, Jr. was shot by the police during an arrest, resulting in his being permanently paralyzed from the chest down. After Robert was released in 2011, Jesse took care of his brother. He helped Robert bathe, helped him to use the bathroom, and regularly rotated him to avoid bed sores.

Mr. Contreras and has suffered from depression all his life, and his depression was worsened upon the death of his young son, Jesse Jr. in 2010. His child was only six mon ths of age when he died of Sudden Infant Death Syndrome. Mr. Contreras and the child's mother, Nancy Vasquez, with whom he had a long relationship, had left the child in the care of a relative for a few hours. When they returned their child was dead. Mr. Contreras has always blamed himself for his child's death because he was not home at the time. As a result, his profound depression deepened and he self-medicated with daily use of methamphetamine and alcohol. When a second child was born to him and Ms. Vasquez two years later, he stopped using drugs and began working full time. Still, it was difficult for him to gain a permanent position, causing him to feel as if he was a failure. He and Ms. Vasquez ended their relationship. His life grew worse. A close friend was murdered and his grandmother died. Mr. Contreras again slipped back into daily substance abuse. As the Presentence Report (¶ 102) confirms, during the two crimes described in the plea agreement's Factual Basis, Mr. Contreras was under the influence of cocaine, methamphetamine, alcohol and NOS.

The PSR describes Mr. Contreras's criminal history. (¶¶ 46-73). Although he has convictions for misdemeanors, he has never before this case been convicted of a felony. Between 2006, when Mr. Contreras was 19 years of age and his arrest in the

4

current case, his convictions were almost exclusively for offenses such as disturbing the peace, driving under the influence, driving on a suspended license and vandalism. He has only four convictions which are counted in the criminal history category, all for misdemeanors, three of which were for driving on a suspended license. These four misdemeanors each counted as a point on his criminal history score, resulting in a criminal history category III. Although the PSR lists other arrests, it is to be noted that all were either dismissed in court or resulted in no court action at all. As is seen, therefore, the present case is wholly out of character for Jesse Contreras.

### III.
### Letters of Support for Mr. Contreras

A number of people have written to the Court on behalf of Mr. Contreras.

Irma Payan is Jesse Contreras's mother. She realizes her son made a big mistake which resulted in the loss of a life. She does not seek to justify her son's actions, but wishes the Court to know that drugs played a huge role in what he did, that he had not slept for days and, because of the drugs, she feels that her son was not in his right mind. She believes that Jesse is a good person with a huge heart. She asks the Court to know that this is a mother's cry and asks that the Court have mercy on her son. (Exhibit A).

Marisol Torres is Jesse Contreras's sister. She says also that he is a good person with a big heart but that drugs led him to where he is today. It started with the death of his infant son, his angel, and he turned to drugs for relief from his pain. She recognizes that the crime cannot be justified and she prays for the victim's family. At the same time, she asks the Court to find it in its heart to have some leniency for her brother. (Exhibit B).

Maira Contreras is another of Jesse Contreras's sisters. Growing up she and Jesse had a special bond and she always felt his love and that he was her protector.

As a boy he loved dogs and cared for strays he found on the street until the owner could be located. When his first child was born he was full of joy and happiness, and always wanted to be with his son. The death of his infant son destroyed his life. He began to drink and seemed not to care about himself anymore. When his second son was born he was filled with love for him. But before long he and the child's mother separated and then his beloved grandmother, whom he had helped care for, died. Jesse began to drink more and using drugs more. The drugs were taking over his life and he would be with the wrong crowd. It hurts that her brother will not be home for years. She sends her condolences to the victim's family for their loss, but wants them to know that her brother is not a monster, but a human who was taken by drugs. She asks them and the Court for forgiveness for Jesse, whom she and the family love. (Exh. C).

      Roxanne Campos is Jesse Contreras's former girlfriend and dear friend. She has known him for about ten years and he was her boyfriend for three of those years. He always demonstrated kindness, compassion and a deep sense of loyalty. She and Mr. Contreras initially bonded because he had lost his infant son and she had lost her own daughter due to stillbirth. In their grief, they came to love and care for each other. During their first year together, she was pursing a nursing career while working 12-14 hour shifts. She was a full-time student and was a single mom to a teenage son. Previously, she had been in an abusive relationship which had destroyed her sense of self-worth. Mr. Contreras's constant encouragement enabled her to believe in herself. During those times, when she felt like giving up, Mr. Contreras always supported her and kept her motivated to reach her goals. She finished her clinicals and obtained a license in vocational nursing. He also encouraged her teenage son to go to school and live responsibly and now her son, after graduating from high school with high honors, has gone on to college. Without Mr. Contreras's support, she knows her life would not have turned out the positive way it has. And she knows also that Jesse was always loving toward his family members, caring for

his paralyzed brother Robert and his grandmother, and that he encouraged his nieces and his surviving son to live up to their potential. Unfortunately, in the end Jesse dealt with his hurt by giving in to his long-term drug addiction, which spiraled out of control. She says that she is writing to the Court because she believes that it is important that Mr. Contreras's many fine characteristics which he has demonstrated to her and to others are recognized. (Exh. D).

## IV.
## Conclusion

During the events of January 10, 2022, Mr. Contreras, a long-time abuser of drugs, was using and was under the influence of cocaine, methamphetamine, alcohol and NOS. (PSR, ¶ 102). He and the others were attempting to obtain money to buy additional drugs. Although weapons were present, Mr. Contreras never had an intention that anyone be harmed. This is shown by the fact that in the earlier El Norteño bar incident, once he and his co-participant had obtained the property they were seeking, they did not attempt to injure anyone, and then departed.

In the later incident, things did not go as planned. Although Mr. Contreras did not exit the truck until after the shooting (in order to help the wounded co-participant back into the truck), he did admit to handing a gun to the truck's driver before the robbery took place. Mr. Contreras never told the driver to shoot the gun and Mr. Contreras did not shoot anyone. It is undisputed that neither he nor his co-participants knew that the victim was a police officer. Their plan was not to harm anyone, but to obtain the chains he was wearing and then to drive away. Most telling, it is apparent from a neighbor's surveillance camera video which recorded the incident that, after the co-participants had obtained the victims' property, they were preparing to leave the scene when the off-duty officer drew his own weapon and began firing at the co-participants, who responded by returning fire. This is not a

legal defense nor an excuse for what happened but it does demonstrate that the officer's death was not planned by Mr. Contreras or anyone in the truck but instead was the unfortunate result of a sudden and unexpected turn of events.

Jesse Contreras is now 35 years of age. After receiving the agreed upon sentence of 420 months, and assuming credit for good conduct (18 U.S.C. § 3624(b)), he would be in his mid-sixties before being released. Although Mr. Contreras's counsel wishes he could argue for a lesser sentence, he is unfortunately bound by the constraining terms of the plea agreement, and thus Mr. Contreras hereby complies with his obligation under paragraph 4c of the plea agreement.

## V.
## Recommendations to the Bureau of Prisons

The defense requests that the Court make the following recommendations to the Bureau of Prisons:

The defense requests that the Court recommend to the Bureau of Prisons that it designate as a place of imprisonment a facility as close as possible to the Los Angeles area so that Mr. Contreras will be near his family. *Cf.* 18 U.S.C. § 3621(b)(4)(B).

The defense also requests that the Court recommend to the Bureau of Prisons that Mr. Contreras be allowed to participate in a substance abuse treatment program, if found eligible. *Cf.* 18 U.S.C. § 3621(e). The PSR states (¶ 103) that he would like to participate in RDAP and that he recognizes the need to participate in treatment to address his substance abuse.

Respectfully submitted,

/s/ Michael M. Crain

MICHAEL M. CRAIN, Attorney
for defendant Jesse Contreras